Pro Se 5 (Rev. 12/16) Complaint for a Civil Case Alleging Negligence

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida
_____ Division

Tishawn Merr, A
**Plaintiff(s)**
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Equifax Information Services
**Defendant(s)**
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case No. _____
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☒ Yes ☐ No

FILED
CLERK, US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
ORLANDO, FL
2023 JUN 29 PM 4:0

## COMPLAINT FOR A CIVIL CASE ALLEGING NEGLIGENCE
(28 U.S.C. § 1332; Diversity of Citizenship)

### I. The Parties to This Complaint

**A. The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Tishawn Merritt
Street Address: 3435 S. Orange Ave #B205
City and County: Orlando, Fl 32806
State and Zip Code: Florida, 32806
Telephone Number: (407) 761-6876
E-mail Address: IMtishawn@gmail.com

**B. The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 5 (Rev. 12/16) Complaint for a Civil Case Alleging Negligence

Defendant No. 1

　　Name: Equifax Information Services LLC
　　Job or Title (if known):
　　Street Address: 2 Sun Court Suite 400
　　City and County: Peachtree Corners
　　State and Zip Code: GA 30092
　　Telephone Number: (888) 378-4329
　　E-mail Address (if known):

Defendant No. 2

　　Name:
　　Job or Title (if known):
　　Street Address:
　　City and County:
　　State and Zip Code:
　　Telephone Number:
　　E-mail Address (if known):

Defendant No. 3

　　Name:
　　Job or Title (if known):
　　Street Address:
　　City and County:
　　State and Zip Code:
　　Telephone Number:
　　E-mail Address (if known):

Defendant No. 4

　　Name:
　　Job or Title (if known):
　　Street Address:
　　City and County:
　　State and Zip Code:
　　Telephone Number:
　　E-mail Address (if known):

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Under 28 U.S.C. § 1332, federal courts may hear cases in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000. In that kind of case, called a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff. Explain how these jurisdictional requirements have been met.

### A. The Plaintiff(s)

1. If the plaintiff is an individual

    The plaintiff, (name) __Tishawn Merritt__, is a citizen of the State of (name) __Florida__.

2. If the plaintiff is a corporation

    The plaintiff, (name) _____, is incorporated under the laws of the State of (name) _____,

    and has its principal place of business in the State of (name) _____

    _____

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

### B. The Defendant(s)

1. If the defendant is an individual

    The defendant, (name) _____, is a citizen of the State of (name) _____. Or is a citizen of (foreign nation) _____.

2. If the defendant is a corporation

    The defendant, (name) __Equifax Information Services LLC__, is incorporated under the laws of the State of (name) __Georgia__, and has its principal place of business in the State of (name) __Georgia__.

    Or is incorporated under the laws of (foreign nation) _____,

    and has its principal place of business in (name) _____.

    *(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

### C. The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

Pro Se 5 (Rev. 12/16) Complaint for a Civil Case Alleging Negligence

### III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

On *(date)* December 2019, at *(place)* Florida, Orlando,

the defendant(s): (1) performed acts that a person of ordinary prudence in the same or similar circumstances would not have done; or (2) failed to perform acts that a person of ordinary prudence would have done under the same or similar circumstances because *(describe the acts or failures to act and why they were negligent)*

The defendant began reporting a fraudulent eviction account as the plaintiff was a victim of identity theft which she provided Equifax evidence showing that she did not authorize the apartment lease which forced the plaintiff to remain homeless for 23 months until the plaintiff filed for Bankruptcy in order to remove the fraudulent account

The acts or omissions caused or contributed to the cause of the plaintiff's injuries by *(explain)*

the plaintiff made several attempts to dispute the fraudulent eviction account that was causing the plaintiff's ability to rent an apartment due to Equifax negligently reporting the fraudulent account to prospective landlords.

### IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Please See Attached Complaint

Pro Se 5 (Rev. 12/16) Complaint for a Civil Case Alleging Negligence

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 6/29/2023

Signature of Plaintiff _____
Printed Name of Plaintiff 6/29/2023

### B. For Attorneys

Date of signing: _____

Signature of Attorney _____
Printed Name of Attorney _____
Bar Number _____
Name of Law Firm _____
Street Address _____
State and Zip Code _____
Telephone Number _____
E-mail Address _____

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

<u>CIVIL COMPLAINT</u>

TISHAWN MERRITT,

PLAINTIFF,                               Case No.: _____

                                            (To be filled in by the Clerk's Office)
       V.

EQUIFAX INFORMATION SERVICES, LLC

DEFENDANT.

COMPLAINT WITH JURY DEMAND

(Fair Credit Reporting Act and Florida's Identity Statute, Civil Code § 817.0345)

<u>PRELIMINARY STATEMENT</u>

1. The United States credit reporting system is based upon precise and honest credit reporting. incorrect or fraudulent credit reporting can directly affect and negatively impact an individual's livelihood. The Fair Credit Reporting Act (FCRA), Public Law No. 91-508, was enacted to ensure accuracy, fairness and the privacy of information assembled by Credit Reporting Agencies (CRAs).

2. The Fair Credit Reporting Act ( FCRA) establishes a cause of action that enables a consumer to sue and recover damages for violations. Under the FCRA, credit reporting agencies are charged with the responsibility to diligently investigate and reinvestigate a consumer's dispute of inaccurate or fraudulent information, and to judiciously correct or remove all inaccurate information.

3. This is an action for monetary damages exceeding $75,000.00 against a party that doesn't not reside in the state of Florida.This case is being brought pursuant to the Florida Statutes Chapter

1

768 Section 72 in the United States District Middle District Court of Florida which has Jurisdiction.

## PARTIES

4. The Plaintiff (Tishawn Merritt) a consumer as defined by 15 U.S.C. § 1681a(c), and resident of Orlando, Florida.

5. The Defendant Equifax Information Services, LLC a for profit consumer credit monitoring, reporting agency that sells individuals information to prospective lenders and others.

6. The Defendant Equifax Information Services, LLC ("Equifax) a consumer reporting agency as defined by the FCRA, 15 USC §1681a(f). The defendant, Equifax, located in the State of Georgia. Equifax may be served with process via registered agent at Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

7. The defendant Equifax is at fault for negligently compiling, maintaining and providing for profit fraudulent account information pertaining to Merritt the Plaintiff and for 23 months continuously updating the fraudulent account information after being informed and provided with documents showing the eviction account being reported was fraudulent which § 1692e(8) prohibits credit agency from communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

8. Equifax additionally violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA") by refusing to remove the fraudulent eviction account from Merritt the Plaintiff's credit file.

9. Equifax a for profit debt collector began reporting the fraudulent eviction account on Merritt the Plaintiff's in December of 2019 without investigating the validity of the fraudulent eviction account that continues to negatively affect Merritt the Plaintiff's physical health, mental well-being, credit status, credit-worthiness, credit-standing, credit capacity, overall credit reputation and livelihood.

2

10. On December 11, 2019 the defendant Equifax began negligently reporting a fraudulent eviction account reported to Equifax by IQ data international a for profit third party debt collection agency on the Plaintiff's credit file. According and pursuant to provisions in the FCRA, Merritt the Plaintiff has legal interest in the defendant Equifax accurately fulfilling the required standard of duty under the FCRA, which is to ensure that all information is accurate that is reported and maintained by Equifax a for profit credit report agency that reports and rates consumers credit files for profit credit monitoring and sells consumers information to prospective lenders and others for a fee.

10  Merritt the Plaintiff is seeking damages against the defendant Equifax for negligently reporting a fraudulent eviction account information in Merritt the Plaintiff's credit file to potential creditors and reckless disregard for the truth. Equifax willfully refused to remove the fraudulent account and continued to report the fraudulent account for 23 months after Merritt the Plaintiff supplied Equifax a for profit business with supporting documentation showing that Merritt the Plaintiff had in fact been a victim of identity theft and did not authorize or have knowledge of the fraudulent account until February, 2021

11  The defendant Equifax a for profit business failed to follow Section 623 of the FCRA and Regulation V which asserts a furnisher must not furnish inaccurate or fraudulent account information which Equifax failed to adhere to the industries standard duty of business care and FCRA standards causing Merritt the Plaintiff to remain homeless for 23 months.

12  The defendant Equifax's negligent business practices allows this suit to be brought against them pursuant to the Fair Credit Reporting Act, 15 USC §1681 et seq., and Florida's Identity Theft Statute, 817.0345.

13  The Plaintiff is seeking Consequential, compensatory and punitive damages in the amount of 10 million dollars from Equifax the defendant, Under Florida Statutes Chapter 768 Section 72 for its negligent businesses practices, res ipsa negligence, prima facie Libel defamation, mental anguish, emotional distress, loss of income, hip, neck, shoulder, tail bone and ankle pain caused by the

defendant Equifax continuous reckless and negligent reporting of a fraudulent eviction account and willfully refusing to remove the fraudulent eviction account from Merritt the Plaintiff's credit file after receiving evidence that Merritt the Plaintiff's had in fact been a victim of Identity theft which The court has jurisdiction pursuant to 15 USC §1681p, 28 USC § 1332 and 28 USC § 1367(a)

14  The evidence will show the Plaintiff signature was forged on the leasing documentation with Eastmar Commons apartments the original contract holder and the company which IQ Data International a for profit business purchased the fraudulent eviction account information being reported to Equifax a for profit credit reporting agency.

## Facts Relating to Case

15  Merritt the Plaintiff is the victim of identity theft.

16  On February 5, 2021 Merritt the Plaintiff reported to the Authorities that she had been a victim of Identity theft.

17  On February 12, 2021 Merritt the plaintiff's attempted to lease an apartment which was Subsequently denied due to a fraudulent eviction account being reported by Equifax a to others.

18  On February 12, 2021 Merritt the plaintiff requested a credit report from credit karma which showed the fraudulent eviction account being reported on Merritt the Plaintiff's Equifax credit report.

19  On February 15, 2021 Merritt the Plaintiff began making numerous failed attempts to contact Equifax to dispute the fraudulent account being reported by IQ Data International on Merritt the plaintiffs credit report. Merritt the Plaintiff continuously received automated messages when attempting to contact Equifax at 1 (888) 378-4329 stating the plaintiff identity could not be verified using the automated service which occurred for several consecutive months.

20  On February 15, 2021 notified the Federal Trade Commission (FTC), the Internal Revenue Services(IRS)—to inform all of the above about her being an identity theft victim.

4

21  On July 23, 2021 Merritt the Plaintiff made contact with an Equifax representative to inform Equifax of the fraudulent account being reported and to additionally inform Equifax that Merritt the Plaintiff had been an identity theft victim. Merritt the Plaintiff filed a dispute with the Equifax representative according to the Fair Credit Reporting Act and an identity theft alert was placed on Merritt the plaintiff's credit file. Merritt the plaintiff provided Equifax with a police report, Federal Trade Commission (FTC) report, court and Internal Revenue Service (IRS) documents showing Merritt the plaintiff was a victim of identity theft. Merritt the Plaintiff was told by the Equifax representative that she would be notified of the dispute decision within 30 days.

22  In August of 2021 Equifax completed their investigation and Merritt the plaintiff was notified via email with a response stating the fraudulent account in dispute by Merritt the plaintiff's had been verified as accurate by IQ Data International and that Merritt the plaintiff's credit report was updated containing the fraudulent eviction account information that was in dispute.

23  In September of 2021 Merritt the plaintiff filed another dispute with Equifax regarding the fraudulent account being reported in Merritt the Plaintiff's credit file. The plaintiff provided Equifax with a police report, Federal Trade Commission report, court and IRS records showing Merritt the plaintiff was an identity theft victim.

24  In October of 2021, Equifax again completed their investigation and Merritt the plaintiff was notified via email with a response stating the information the plaintiff dispute had been verified as accurate by IQ Data International and Merritt the plaintiff's credit report was updated containing the fraudulent account information.

25  In October of 2021, Merritt the plaintiff filed another dispute to remove the fraudulent account being reported by Equifax. Merritt the plaintiff provided Equifax with a police report, Federal Trade Commission report, court and IRS records proving Merritt the plaintiff was an identity theft victim.

26  On November 18, 2021 Merritt the Plaintiff filed a claim with the Better Business Bureau (BBB) against Equifax for failing to remove the fraudulent eviction account from Merritt the Plaintiff credit file.

27  In November of 2021 Equifax once again completed the investigation and Merritt the plaintiff was notified via email with a response stating the information Merritt the plaintiff dispute had been verified as accurate by IQ Data International and Merritt the plaintiff's credit report was updated containing the fraudulent account information.

28  In November of 2021,Merritt the plaintiff filed another dispute to remove the fraudulent account being reported by Equifax. Merritt provided Equifax with a police report, Federal Trade Commission report, court and IRS records proving the plaintiff was an identity theft victim.

29  In December of 2021, Equifax again completed the investigation and Merritt the plaintiff was notified via email with a response stating the information Merritt the plaintiff dispute had been verified as accurate by IQ Data International and Merritt the plaintiff's credit report was updated containing the fraudulent account information.

30  On April 11, 2022 Merritt the plaintiff mailed a return receipt a final dispute letter to Equifax disputing the fraudulent account being reported by IQ Data International on the plaintiff's credit report requesting the fraudulent account be removed together with a letter from the Internal Revenue Service stating the plaintiff had been a victim of identity theft, a Internal Revenue Service Notice CP01 verifying the plaintiff's claim of identity theft, a police report, Federal Trade Commission report and court records proving the plaintiff was an identity theft victim.

31  Merritt the Plaintiff received a letter vis Mail dated April 21, 20222 from Equifax requesting Merritt the Plaintiff verify her identity and address.

32  In April of 2022, Merritt the plaintiff filed another dispute to remove the fraudulent account being reported by Equifax. Merritt provided Equifax with additional documents from the Internal Revenue Service stating the plaintiff had been a victim of identity theft, in addition to a police

report, Federal Trade Commission report and court records proving the plaintiff was an identity theft victim.

33  In May of 2022, Equifax completed the investigation and the plaintiff was notified via email with a response stating the information Merritt the plaintiff's dispute had been verified as accurate by IQ Data International and the plaintiff credit report was updated containing the fraudulent account information.

34  In May of 2022, the plaintiff filed another dispute to remove the fraudulent account being reported by Equifax. Merritt the plaintiff provided Equifax with a additional information from the Internal Revenue Service verifying that Merritt the plaintiff had been a victim of identity theft, in addition to a Internal Revenue Service Notice CP01 verifying Merritt the plaintiff's identity theft, a police report, Federal Trade Commission report and court records showing Merritt the plaintiff was an identity theft victim.

35  In June of 2022, Equifax completed their investigation and informed Merritt the plaintiff via email that the information Merritt the plaintiff disputed had been verified as accurate by IQ Data International and the plaintiff credit report was updated containing the fraudulent account information.

36  In June of 2022 filed another dispute with Equifax to remove the fraudulent account being reported by Equifax. Merritt the plaintiff provided Equifax Internal Revenue Service Notice CP01 verifying Merritt the plaintiff's identity theft, a police report, Federal Trade Commission report and court records proving the plaintiff was an identity theft victim.

37  In July of 2022, Equifax completed their investigation and informed the plaintiff via email that the information the plaintiff disputed had been verified as accurate by the financial institution and Merritt the plaintiff's credit report was updated containing the fraudulent account information.

38  On September 15, 2022 Merritt the Plaintiff filed a Chapter 7 Bankruptcy petition.

39  On November 3, 2022 the Plaintiff filed a complaint with the Consumer Financial Protection Bureau (CFPB) against Equifax requesting the fraudulent account being reported be removed from the credit file.

40  On December 30, 2022 Merritt the Plaintiff received a Chapter 7 Bankruptcy discharge.

## FIRST CLAIM FOR RELIEF

(Negligent Noncompliance with FCRA—Against Equifax Information Services, LLC)

30  Equifax negligently failed to comply as a for profit credit reporting agency with the requirements of FCRA by :

(a) failing to comply with the requirements in 15 U.S.C. § 1681

(b) failing to comply with the requirements in 15 USC §1681i;

(c) failing to comply with the requirements in 15 USC §1681b(a); and (d) failing to comply with the requirements in 15 USC §1681g.

Merritt the Plaintiff is currently unaware of all the facts of this case and may learn through discovery of other violations of the FCRA by these defendants. Plaintiff reserves the right to amend this complaint to add such violations as they become known.

31. As a result of defendants' failure to comply with the requirements of FCRA,Merritt the plaintiff has suffered, and continues to suffer, actual damages including credit denial, low credit score increase cost for credit, damage to reputation, emotional distress, mental anguish, hip, neck, shoulder, tail bone, ankle pain all suffered as a result of homelessness due to Equifax's negligently reporting a fraudulent eviction account until Merritt the Plaintiff filed for bankruptcy.

## SECOND CLAIM FOR RELIEF

(Willful Noncompliance with FCRA—Against Equifax Information Services, LLC)

32. IQ Data International negligently failed to comply as a for profit debt collector with the requirements of FCRA by :

(a) failing to comply with the requirements in 15 U.S.C. § 1681

(b) failing to comply with the requirements in 15 USC §1681i;

8

(c) failing to comply with the requirements in 15 USC §1681b(a); and (d) failing to comply with the requirements in 15 USC §1681g.

Merritt the Plaintiff is currently unaware of all the facts of this case and may learn through discovery of other violations of the FCRA by these defendants. Plaintiff reserves the right to amend this complaint to add such violations as they become known.

33. As a result of defendants' failure to comply with the requirements of

FCRA, plaintiff has suffered, and continues to suffer, actual damages including credit denial, low credit score, increased cost for credit, damage to reputation, emotional distress, mental anguish, hip, neck, shoulder, tail bone, ankle pain all suffered as a result of homelessness because Equifax continued to report a fraudulent eviction account for 23 months.

## THIRD CLAIM FOR RELIEF

(18 U.S.C § 1028 - Federal Identity Theft Law)

34. Merritt the Plaintiff is the victim of identity theft as defined by 18 U.S.C § 1028 - Federal Identity Theft Law

35. Equifax, respectively, purport to have a claim for money or an interest in property in connection with a transaction procured through the identity theft which Merritt the Plaintiff provided documentation to Equifax a for profit credit reporting agency showing that Merritt the Plaintiff had been an identity victim and did not authorize the lease agreement with Eastmar Commons apartments

36. Merritt the Plaintiff sent written notice to Equifax and filed several unsuccessful dispute claims with Equifax regarding the fraudulent eviction account. Merritt the Plaintiff included a valid copy of the police report she filed along with IRS verified Identity theft identity theft form, Federal trade commission's report, court documents and the copy of the fraudulently signed lease along with a valid drivers signature

38. Equifax for 23 months failed to diligently investigate Merritt the Plaintiff's identity theft documentation and continued reporting and updating the fraudulent eviction account to Equifax after being furnished with facts and evidence showing Merritt the Plaintiff was the victim of identity theft.

## CLAIM FOR MONETARY DAMAGES

39. As a result of the defendant Equifax's negligent business practices and refusal to discontinue reporting a fraudulent eviction account;

    a. Merritt the Plaintiff, a then 43 year identity theft victim was forced to remain homeless for 23 consecutive months continuously being denied apartment rentals due to the fraudulent eviction account reported by the defendants Equifax in Merritt the Plaintiff's credit file and selling it to potential creditors..

    b. Merritt the Plaintiff was brutally assaulted suffering a broken nose as a result of being homeless caused by the defendant Equifax's reporting a fraudulent eviction account on Merritt the Plaintiff's credit report.

    c. Merritt the Plaintiff has lost functioning of her right hip and shoulder due to cartilage damage as a result of sleeping on the concrete ground and other hard surfaces while homeless caused by the defendant Equifax's negligently reporting of a fraudulent eviction account on Merritt the Plaintiff's credit report.

    d. Merritt the Plaintiff has suffered four broken teeth due to tooth decay as a result of homelessness because of the defendant Equifax's negligently reporting of a fraudulent eviction account on Merritt the Plaintiff's credit report.

    e. Merritt the Plaintiff contracted Pediculus humanus capitis (head lice) due to homelessness caused by the defendant Equifax's negligently reporting of a fraudulent eviction account on Merritt the Plaintiff's credit report.

    f. Merritt the Plaintiff's mental health has declined due to the mental strain and trauma of homelessness. Merritt the Plaintiff now battles with severe depression and hopelessness as a result of the defendant Equifax's negligently reporting of a fraudulent eviction account on Merritt the Plaintiff's credit report.

    g. Merritt the Plaintiff relationship with her two children has been severed as a result of her homelessness which has additionally affected Merritt the Plaintiff's

      emotional and mental well-being caused by Merritt the Plaintiff's homelessness due to Equifax's negligence in reporting a fraudulent eviction account on Merritt credit file until Merritt the Plaintiff was forced to file bankruptcy with no other recourse to Equifax's negligence.

h. Merritt the Plaintiff had to donate plasma for money caused by homelessness which Violated Merritt the plaintiff's religious beliefs thus adding to Merritt the Plaintiff's mental and emotional stress due to the fraudulent eviction account being reported by the defendant Equifax.

i. Merritt the Plaintiff has suffered the loss of personal and business relationships which has ruined Merritt the Plaintiff business reputation which after 23 months of homelessness has been refutably damaged as a result of homelessness which consequently has affected Merritt the Plaintiff's self-esteem and mental well-being as a result of the fraudulent eviction account being reported by the defendant Equifax to prospective creditors and others..

j. Merritt the Plaintiff suffered the lost of a 21 year online $80,000.00 net generating limousine business and a $20,000.00 a year net generating cleaning service due to homelessness and as a result of the fraudulently eviction account being reported to credit reporting agency by the defendant Equifax which continues to cause Merritt the Plaintiff emotional and financial distress.

k. Merritt the Plaintiff's was denied employment opportunities due to lack of a stable residence as a result of homeless caused by the defendant Equifax's negligently reporting a fraudulent eviction account on Merritt the Plaintiff's credit report.

l. Merritt the Plaintiff has lost some ability to function in society as a result of chronic homelessness due to the defendant Equifax's negligently reporting a fraudulently eviction account to Equifax a credit reporting agency.

    m. After several failed dispute requests, requesting the defendant Equifax stop reporting to no avail, Merritt the Plaintiff was then forced to file for Bankruptcy September 15, 2022 as a last resort which will remain on Merritt the Plaintiff's credit report for the next 10 years negatively impacting Merritt the Plaintiff's ability to secure credit and credit worthiness.

    n. Merritt the Plaintiff's after exhausting all other options was forced to file bankruptcy in order to secure an apartment rental in November of 2022 which led to Merritt the Plaintiff being denied a Grad plus student loan which Merritt the Plaintiff was eligible for prior to filing Bankruptcy as bankruptcy filing is an automatic reason to be denied a Government funded Grad loan which is necessary for Merritt the Plaintiff to continue her education and reclaim her life.

Therefore Merritt the Plaintiff prays for judgment against Equifax the defendant as follows:

A total Claim for Consequential, compensatory and punitive damages in the total amount of $10 million dollars from Equifax a for profit debt consumer credit reporting agency the defendant, Under Florida Statutes Chapter 768 Section 72 for dereliction of duty and standard of care under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p and Fair Credit Reporting Act (FCRA) and for negligent businesses practices, res ipsa negligence, prima facie Libel defamation, mental anguish, emotional distress, loss of income, hip, neck, shoulder, tail bone, ankle pain, pain and suffering and all expenses Merritt the Plaintiff incurred while homeless as a result the defendant's Equifax continued to negligently report and updating of a fraudulent eviction account to potential creditors and others. In addition Equifax willfully refused to remove the fraudulent eviction account from Merritt the Plaintiff's credit file after receiving evidence that Merritt the Plaintiff's had in fact been a victim of Identity theft. The negligent business practice of Equifax has caused Merritt to suffer physically and mentally

because of Equifax's continued refusal to adequately investigate the documents showing Merritt the Plaintiff had been a victim of Identity theft and instead continued to report the fraudulent eviction account purchased from Eastmar apartments the original contract holder with the thief who fraudulently used Merritt the Plaintiff previously established good credit rating and payment history.

_____
Tishawn Merritt